IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVIE DWIGHT WARE, §<br>CID # 857693, §<br>    PETITIONER, §<br>§<br>V. §<br>§<br>DOUGLAS DRETKE, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION, §<br>    RESPONDENT. § | NO. 3:02-CV-2151-N |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. Parties:** Petitioner Stevie Dwight Ware is an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History:** Ware was charged in separate indictments with burglary of a building owned by J. Dorsey and burglary of a building owned by Alma Aguilera. Both indictments contained two enhancement paragraphs alleging that Ware had been convicted of delivery of a controlled substance in 1994 and of burglary of a vehicle in 1991. (19662 C.R. at 2-4;

69073 C.R. at 2-4.) A jury found Ware guilty of both burglaries, and the court assessed punishment at 18 years' confinement for each offense, to be served concurrently.[1] (19662 C.R. at 23; 69073 C.R. at 25.) The Dallas Court of Appeals affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused Ware's pro se petitions for discretionary review. *Ware v. State*, Nos. 5-99-096-97-CR, 2001 WL 462983 (Tex. App.—Dallas May 3, 2001, pets. ref'd) (not designated for publication). Ware filed a state application for habeas corpus relief challenging both his convictions, which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Ware*, No. 53,430-01 (Tex. Crim. App. Sept. 18, 2002) (not designated for publication). Ware filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on September 27, 2002. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

    **D. Issues:** Ware argues that (1) the enhancement paragraphs violated the Double Jeopardy Clause and were an abuse of discretion by the trial court and (2) trial counsel was constitutionally ineffective.

    **E. Exhaustion:** Dretke believes Ware has sufficiently exhausted available state remedies on the issues presented and, thus, does not move for dismissal on this ground.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the

---

[1] Ware pleaded true to the enhancement paragraphs, and the trial court found them to be true before sentencing Ware.

merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### III. ENHANCEMENT PARAGRAPHS

Ware asserts that the enhancement paragraphs in the indictments violated the Double Jeopardy Clause because the enhancement paragraphs alleged the same two prior convictions in both indictments. Ware further asserts that the trial court abused its discretion in allowing the

3

enhancement paragraphs. Indeed, the indictments both included enhancement paragraphs alleging the same two prior convictions to authorize an increased punishment range: a 1994 delivery-of-a-controlled-substance conviction and a 1991 burglary-of-a-vehicle conviction. (19662 C.R. at 2-4; 69073 C.R. at 2-4.) *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2004-05) (authorizing second-degree-felony punishment for state-jail-felony offense if previously convicted of two felonies).

The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. U.S. CONST. amend. V; *Monge v. California*, 524 U.S. 721, 727 (1998). Double jeopardy principles are generally not applicable to non-capital sentencing proceedings. *Monge*, 524 U.S. at 724-25. Enhanced punishments for repeat offenders do not violate the Double Jeopardy Clause because such enhanced punishments neither place a defendant in jeopardy of being twice tried for an offense nor subject such a defendant to additional punishment for the previous offense used for enhancement purposes. *Witte v. United States*, 515 U.S. 389, 400 (1995). Likewise, the use of a prior conviction to enhance a defendant's sentence on more than one occasion does not violate the Double Jeopardy Clause. *Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir.), *cert. denied*, 519 U.S. 835 (1996); *see also* TEX. PENAL CODE ANN. § 12.46 (Vernon 2003) (providing prior convictions can be used multiple times to enhance multiple subsequent convictions); *Barnes v. State*, 70 S.W.3d 294, 303-04 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding use of 1973 burglary conviction to enhance defendant's 1994 and 2001 convictions did not violate double jeopardy). Thus, the enhancement paragraphs did not violate the Double Jeopardy Clause.

Additionally, Ware's argument that the trial court violated state law by allowing the enhancement allegations is not cognizable. This is a state-law claim that fails to pose a

constitutional issue; thus, Ware is not entitled to habeas corpus relief.[2] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 873 (1984).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Ware asserts that trial counsel was constitutionally ineffective when she(1) failed to object to the multiple use of his prior conviction to enhance his punishments; (2) did not subpoena two material fact witnesses; and (3) failed to investigate.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and

---

[2]The enhancement paragraphs were proper under state law. TEX. PENAL CODE ANN. § 12.46; *Barnes*, 70 S.W.3d at 303-04.

5

reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

Ware's complaints about counsel were reviewed and rejected during state collateral review proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

Ware cannot meet the prejudice requirement of the *Strickland* test. As conceded by Ware, the evidence was sufficient to support his convictions (Pet'r Mem. in Supp. at 5); thus, he cannot show that the result of the trial would have been different had counsel acted differently. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999). Further, as demonstrated below, Ware has failed to show deficient performance.

**A.** **Failure to Object**

Ware first argues that counsel should have objected to the enhancement paragraphs. As discussed above, the enhancement paragraphs violated neither state law nor the Double Jeopardy Clause; thus, any objection by counsel would have been meritless. *See, e.g., Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101,

1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

**B.    Failure to Subpoena Witnesses**

Ware argues counsel should have subpoenaed two unnamed witnesses. Ineffective-assistance-of-counsel complaints regarding uncalled witnesses are not favored on federal habeas corpus review because of their highly speculative nature. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987); *see also Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). For Ware to demonstrate *Strickland* prejudice, he must show not only that the testimony would have been favorable, but also that the witness would have testified. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Ware has failed to provide an affidavit or other evidence from the unnamed witnesses. The limited and conclusory information Ware provides fails to establish either deficient performance or prejudice. *Sayre*, 238 F.3d at 636; *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251 (1984); *United States v. Lang*, 159 F. Supp. 2d 398, 400 (N.D. Tex. 2001).

**C.    Failure to Investigate**

Ware argues that counsel failed to investigate by not interviewing the police officers and defense witnesses or reviewing the State's file. In order to establish that counsel was ineffective due to a failure to investigate, Ware must do more than merely make the allegation—he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F. Supp. 2d 661, 691 (S.D. Tex. 2001). Ware fails to meet his burden of specificity on this claim; thus, he is not entitled to relief.

## V. SUMMARY

Ware is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Ware was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VI. EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary. RULES GOVERNING SECTION 2254 CASES 8(a).

## VII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

Signed this 23rd day of March, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Under 28 U.S. C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

                         */s/ Irma Carrillo Ramirez*
                         IRMA CARRILLO RAMIREZ
                         UNITED STATES MAGISTRATE JUDGE